UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ERIK CORDOVA,

                            Plaintiff,

              -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") NATALIE COTTER
(Shield #27369), Sergeant KEITH BEDDOWS
(Shield #1147), Detective (Dt.) DERRICK
EDOUARD (Shield #3839), Sgt. DEREK MERCADO
(Shield #910), and P.O. JOHN and JANE DOES 1-3,
in their individual capacities,

                        Defendants.
------------------------------------------------------------------x

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 17-CV-2349 (LTS)

Plaintiff Erik Cordova, through his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Erik Cordova's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations

of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff Erik Cordova is and was at all times relevant to this action, a resident of Bronx County in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department Officer ("P.O.") Natalie Cotter (Shield #27369) ("Cotter"), Sergeant ("Sgt.") Keith Beddows (Shield #1147), Detective (Dt.) Derrick Edouard (Shield #3839), Sgt. Derek Mercado (Shield #910), and P.O. John and Jane Does 1-3 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14. The true name and shield number of defendants P.O. John and Jane Does are not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

15. On August 27, 2015, at approximately 6:00 a.m., Erik Cordova was unlawfully arrested by P.O. Cotter and P.O. Doe 1-3 inside 755 Coster Street in Bronx County in the State of New York.

16. Shortly before his arrest, Mr. Cordova was asleep in his locked bedroom.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

17. NYPD police officers entered the building.

18. NYPD police officers, including the individual defendants broke open the door to Mr. Cordova's bedroom.

19. Mr. Cordova was subjected to a cavity search.

20. No contraband was found in Mr. Cordova's bedroom or on his person.

21. The individual defendants handcuffed Mr. Cordova and took him to the 41st precinct.

22. Mr. Cordova was charged with Criminal Possession of a Controlled Substance in the Third Degree (PL § 220.16), Criminal Possession of a Weapon in the Second Degree (PL § 265.03(1)(b)), Criminal Possession of a Firearm (PL § 265.01-b(1)), and Criminal Using Drug Paraphernalia in the Second Degree (PL § 220.50).

23. The charges were based on materially false statements submitted by the individual defendants, among which that Mr. Cordova had been in possession of certain narcotics.

24. Mr. Cordova was held in custody for approximately six days and forced to appear in court on multiple occasions.

25. On or about April 21, 2016 all charges were dismissed.

26. As a result of his arrest and detention, Mr. Cordova experienced pain, suffering, mental anguish, and humiliation.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
*(Against the individual defendants)*

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the fabrication of evidence or the lodging of false charges against him by police officers and the right to fair trial and due process under the law; (f) freedom from malicious prosecution; and (g) failure to intervene to prevent the complained of conduct.

29. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
*(Against defendant the City of New York)*

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

5

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
August 2, 2017

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Beldock Levine & Hoffman, LLP
*Attorneys for the Plaintiff*
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: 212-277-5824